*524 The opinion of the Court was delivered by
O’Neall, J.
In Tidd’s Practice, 1106, it is said that a scire facias on a bail piece must issue out of the Court from which the bail writ issued; and at 411, the same doctrine is stated in an action of debt. But the key to all this is, that in England there are two Courts of concurrent legal jurisdiction,'the Kings’ Bench and Common Pleas, and the remarks of the author apply to that state of things; an action on a bail piece in the King’s Bench must be in that Court, and so in the Common Pleas. In this State we have but one legal forum for the assertion of civil rights, the Court of Common Pleas. The writs of that Court run through the wrhole State, so that a recovery in Charleston, in the Common Pleas, is enforcible in every District of the State. It is true the City Court is of inferior and local jurisdiction, yet it is a Court of Common Pleas, and its process is to be enforced and protected as such.
In Legare, assignee, vs. Brown, 4 McC. 371, the action was in the City Court, on a bail bond taken in the Court of Common Pleas for Charleston District. It was objected that the bond could only be sued in the Court where it was taken, and where the original action had been brought.
But the Becorder, (that eminent jurist, Drayton,) overruled the objection, holding, that it was enough/if the suit was brought in the Court of Common Pleas; and that the City Court was a Court of Common Pleas.
That authority is enough for this case. For if the City Court could maintain the suit on the bond, in that case, much more may the larger jurisdiction of the Common Pleas maintain the action on the bond taken in the inferior jurisdiction.
The motion is dismissed.
Wardlaw, Glover and Munro, JJ., concurred.

Motion dismissed.